Argued and submitted March 14, 1994, reversed January 18, petition for review allowed May 16, 1995 (321 Or 137)
See later issue Oregon Reports

STATE OF OREGON,
*Respondent,*

*v.*

RICHARD OWEN READY,
*Appellant.*

(C920041CR; CA A78407)

888 P2d 603

Craig P. Colby argued the cause and filed the brief for appellant.

Janet A. Klapstein, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

PER CURIAM

## PER CURIAM

Defendant was convicted of possession of a depiction of sexual conduct involving a child. ORS 163.672. He appeals from the denial of his demurrer challenging the constitutionality of the statute as violating Article I, section 8, of the Oregon Constitution.[1]

In *State v. Stoneman*, 132 Or App 137, 888 P2d 39 (1994), we held that ORS 163.680, which prohibited persons from giving value to view or obtain materials depicting sexually explicit conduct by a child, proscribed expression on the basis of content. We concluded that because the proscription did not fall within a historically established exception to Article I, section 8, the statute was unconstitutional on its face.

The expression proscribed by ORS 163.672 is the same as that at issue in *Stoneman*:

"(1)  A person commits the crime of possession of a depiction of sexual conduct involving a child if the person knowingly possesses or controls any photograph, motion picture, videotape or other visual recording of sexually explicit conduct involving a child.

"(2)  Possession of a depiction of sexual conduct involving a child is a Class C felony."

Consistent with our analysis in *Stoneman*, we conclude that ORS 163.672 violates the free expression clause of Article I, section 8. The trial court erred in denying defendant's demurrer.[2]

Reversed.

---

[1] Article I, section 8, provides:

"No law shall be passed restraining the free expression of opinion, or restricting the right to speak, write, or print freely on any subject whatever; but every person shall be responsible for the abuse of this right."

[2] Because of our disposition of this issue, we need not address defendant's other assignments of error.